# ORIGINAL

| | | |
|---|---|---|
| IN RE: QUEBBIE BRINSON, | * | Bankruptcy No. 05-14034 |
| | * | |
| Debtor. | * | Chapter 13 Proceedings |
| | * | |
| QUEBBIE BRINSON, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | CV 107-049 |
| | * | |
| BARNEE C. BAXTER, | * | |
| | * | |
| Appellee. | * | |

## O R D E R

Appellant Quebbie Brinson, Debtor in the underlying Chapter 13 bankruptcy case, appeals the January 4, 2007 Order of the United States Bankruptcy Court, Southern District of Georgia, which dismissed his case "to the extent said order denies [A]ppellant's [M]otion for Order to Compel Payments by Chapter 13 Trustee pursuant to 11 U.S.C. § 1326(b)(1)." (Record on Appeal ("R.") at doc. nos. 13, 14.) The Bankruptcy Court's January 4th Order is **AFFIRMED** for the following reasons.

DHB (41)                                                    CCC:

## I.   **PROCEDURAL HISTORY**

Appellant filed his "Notice of Appeal" on January 12, 2007, and his "Designation of the Items to be Included in the Record on Appeal" and "Statement of Issues to be Presented" on January 22, 2007.   (R. at doc. nos. 13, 14, 16, 17.)   The Record on Appeal was transmitted to this Court on March 30, 2007.   (R. at doc. no. 20; Staff Note, Mar. 30, 2007.)

Pursuant to Fed. R. Bankr. P. 8009(a)(1), Appellant was required to file a brief in support of his appeal within fifteen (15) days after the entry of the appeal on this Court's docket.   However, Appellant failed to do so.   On July 12, 2007, approximately 100 days after the entry of the appeal on this Court's docket, Appellee filed a motion requesting that the Court dismiss this appeal based upon Appellant's failure to timely file a brief.   (Doc. no. 1.)

Appellant filed his brief immediately after he received a copy of Appellee's motion to dismiss.   (See doc. no. 2.) Appellant's counsel stated that July 19th was the first date he received actual notice of the date which this appeal was docketed and that his untimely brief was not prompted by bad faith or indifference to the Court.   (Doc. no. 3 at 2.)   After observing that Appellant's failure to file a brief on time was not part of a pattern of neglect, and that Appellee had not specified any prejudice attendant to the untimely filing, the

Court denied Appellee's motion to dismiss. (Order of August 3, 2007.) On August 3, 2007, Appellee filed a response to Appellant's brief. (Doc. no. 5.)

## II.  FACTUAL BACKGROUND

Appellant's Bankruptcy Petition was filed on November 17, 2005, along with Appellant's Chapter 13 Plan of Reorganization. (R. at doc. nos. 1, 2.) The Bankruptcy Court confirmed the Plan on January 19, 2006. (R. at doc. no. 4.) The Plan directed, in pertinent part, that the Trustee was to make disbursements from the payments received as follows:

> (a) The trustee percentage fee as set by the United States Trustee.
> (b) Attorneys fees allowed pursuant to [11 U.S.C.] § 507(a)(2) of $2,189.00 paid in accordance with the applicable General Orders of this Court.
> (c) Other § 507 claims unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(R. at doc. no. 2.)

After the confirmation of the Plan, Appellee filed several motions to dismiss the Chapter 13 case. In re Brinson, No. 05-14034, doc. nos. 25, 47, 82 (Bankr. S.D. Ga. Nov. 17, 2005). On July 5, 2005, Appellant filed a "Motion for Order to Compel Payments by Chapter 13 Trustee Pursuant to 11 U.S.C. Section 1326(b)(1)." (R. at doc. no. 40.)

3

During the pendency of the Chapter 13 case, payments totaling $3,955.00 were received by the Trustee. (Doc. no. 5 at 3.) Of this amount, $226.91 was applied to the Trustee's commission, $3,118.79 was applied to Debtor's child support obligations,[1] and Debtor's counsel received $606.30. (Id.) However, Debtor's counsel never received any payments prior to the entry of the Bankruptcy Court's January 4th Order dismissing the case.

Debtor's counsel submitted a disclosure of attorney's fees in the bankruptcy case which totaled $3000.00 - $811.00 of which was received prior to the filing of the petition - leaving $2,189.00 to be paid under the terms of the Plan. (R. at doc. no. 2, Disclosure of Comp. of Att'y for Debtor.) Appellant filed the motion to compel payments based upon Appellee's failure to make periodic payments to Debtor's counsel throughout the pendency of the Chapter 13 case.

On January 4, 2007, after conducting a hearing on Appellee's motion to dismiss and Appellant's motion to compel payments, the Bankruptcy Court dismissed the Chapter 13 case based upon Appellant's failure to make payments in accordance with the terms of the Plan. (R. at doc. nos. 10, 15.) The Bankruptcy Court's January 4th Order also directed Appellee to "disburse the sums currently held by the Trustee to Debtor's

---

[1]See 11 U.S.C. §§ 507(a)(1)(A) & (B).

counsel, minus the Trustee's percentage and any costs of administration." (R. at doc. no. 10.) The Bankruptcy Court's January 4th Order did not explicitly address Appellant's motion to compel payments.

## III. DISCUSSION

### A. Is the Appeal Moot?

Appellee contends that this appeal is moot because the underlying Chapter 13 case was dismissed and Appellant does not challenge the dismissal of the case but simply the denial of the motion to compel payments. (Doc. no. 5 at 4.) "Dismissal of the underlying bankruptcy proceeding may indicate that no case or controversy remains with respect to issues directly involving the . . . estate, but it does not necessarily indicate that no controversy exists with respect to any collateral or ancillary issues. Dahlquist v. First National Bank in Sioux City, Iowa, (In re Dahlquist), 751 F.2d 295, 298 (8th Cir. 1985). In this case, the controversy concerning the payments to Debtor's counsel does not appear to be so closely related to the underlying bankruptcy that this appeal became moot after the dismissal of the Chapter 13 case. See In re Stevens, 130 F.3d 1027, 1029 (11th Cir. 1997) (holding that an appeal by a secured creditor was not rendered moot upon the debtors' discharge from the bankruptcy court); U.S.A. Motel Corp. v. Danning, 521 F.2d 117, 119 (9th Cir.

1975) (holding that the dismissal of the bankruptcy petition did not bar an application for compensation for services rendered in connection with the bankruptcy).

## B.   The Disbursement of Attorney's Fees

Turning to the merits of the instant appeal, Appellant contends that Appellee's disbursements in the Chapter 13 case violated 11 U.S.C. § 1326(b)(1) and Bankruptcy Court General Order 2005-6.[2]  Under 11 U.S.C. § 1326(b)(1), "[b]efore or at the time of each payment to creditors under the plan, there shall be paid . . . any unpaid claim of the kind specified in section 507(a)(2) of this title."  Section 507(a)(2) provides for the payment of "administrative expenses allowed under section 503(b)," which include, "reasonable compensation for professional services rendered by an attorney."  11 U.S.C. § 503(b)(4).

General Order 2005-6 is an exception to the general requirement under 11 U.S.C. § 330(a) that attorney's fees provided to counsel in a bankruptcy case must be specifically approved by the Bankruptcy Court.  Through the enactment of the General Order, "[t]he [Bankruptcy] Court has drawn upon its expertise regarding Chapter 13 debtors' attorney's fees

---

[2]General Order 2005-6, effective in cases filed after October 17, 2005, was vacated on March 1, 2007, by General Order 2007-6. See www.gas.uscourts.gov/usbc/lbr/GenOrders.htm. However, General Order 2005-6 was in effect during the pendency of the underlying Chapter 13 case.

and acknowledged a level of compensation which is presumptively not excessive in light of the typical obligation[s] required to be performed by an attorney for a Chapter 13 debtor." In Re Allen, No. 93-41865, 1995 WL 548855, *2 (Bankr. S.D. Ga. Sept. 12, 1995) (construing a predecessor of General Order 2005-6). General Order 2005-6 provides that:

> [A] claim for attorney's fees for services rendered and expenses advanced to a Chapter 13 debtor will be deemed automatically approved by the Court, in the absence of an objection, so long as said claim does not exceed the sum of $2,500.

> . . . .

> Said fee shall be payable as follows: Up to the first $500 by payments from the Trustee as soon as practicable following confirmation. The balance of $2,000.00, or less if applicable, in payments from the Trustee following the initial disbursement at a rate not to exceed $200.00 per month.

As Appellee notes, Appellant's reliance upon 11 U.S.C. § 1326(b)(1) disregards that fact that Appellant's Plan mandated the payment of, *inter alia*, (1) the trustee percentage fee, (2) allowed attorneys fees, and (3) other § 507 claims. Even so, irrespective of the applicability of § 1326(b)(1), the pivotal question on appeal is whether Appellant ever had an allowed claim for attorney's fees.

Appellant never sought approval from the Bankruptcy Court for the recovery of reasonable attorney's fees in this case. See 11 U.S.C. § 330. As such, unless Appellant's request for

7

attorney's fees falls within the terms of General Order 2005-6, Appellant's claim that the Bankruptcy Court improperly denied the motion to compel payments is unavailing.

By its terms, General Order 2005-6 only applies to claims for attorney's fees less than $2,500.00. The present claim for attorney's fees pursuant to the Plan is under this amount. Yet, if the inquiry were to end at this point, the Court would be overlooking the total amount of attorney's fees disclosed to the Bankruptcy Court which exceeded $2,500. (See R. at doc. no. 2, Disclosure of Comp. of Att'y for Debtor.)

While the proper application of General Order 2005-6 to the bifurcated fee arrangement at issue is not clear, it is apparent that fee applications which exceed those typically considered customary or usual require more careful scrutiny from the Bankruptcy Court. See Citibank, N.A. v. Multiponics, Inc., (In re Multiponics, Inc.), 622 F.2d 731, 732-33 (5th Cir. 1980); In re Pair, 77 B.R. 976, 980 (Bankr. N.D. Ga. 1987). The Bankruptcy Court enacted General Order 2005-6 to serve as a convenience to counsel and an economic benefit to debtors by obviating the requirement that attorneys spend compensable time preparing the in-depth documentation required under Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). In Re Allen, 1995 WL 548855, at *1. Moreover, Appellant's counsel cannot charge a fee for

services rendered in a Chapter 13 case which exceeds the presumptively reasonable $2,500.00 amount allowable under General Order 2005-6 and subsequently assert that the fee is presumptively reasonable. As such, to the extent the Bankruptcy Court's January 4th Order denied the motion to compel payments, the Order is affirmed because Appellant's counsel never obtained approval of his claim for attorney's fees.

## IV. CONCLUSION

Based upon the foregoing, the Bankruptcy Court's January 4, 2007 Order is **AFFIRMED**.

**ORDER ENTERED** at Augusta, Georgia, this __11th__ day of October, 2007.

UNITED STATES DISTRICT JUDGE